TOLEDO (CITY) v. JOHN M. BABCOCK ET AL.

1 Paid Circulation of Newspaper Means Paid Subscription Whether Paid in Advance or not.

Subscriptions to be considered in fixing the circulation of newspapers for publication of ordinances, within the meaning of Gen. Code 4228 are not limited to those paid in advance; *"bona fide* paid circulation" includes *"bona fide* subscriptions" whether paid in advance or not.

**2. Determination by Council, as to General Circulation of Newspaper not Conclusive.**

> Determination by council that a newspaper is a paper of "general circulation" in the municipality, required by Gen. Code 4228, raises a presumption of that fact merely; but such action does not preclude inquiry as to such circulation by the courts.

ERROR to common pleas court.

*Cornell Schreiber,* city solicitor, and *Alonzo G. Duer,* for plaintiff in error.

*George N. Fell,* for defendants in error.

**KINKADE, J.**

This is an action that was brought in the court of common pleas to restrain the execution on the part of the officers of the city of a contract that had been entered into by them with the owner of the Toledo World, Mr. Alonzo A. Reilly, for the printing of the ordinances, resolutions, etc., of the city.

A contract had been entered into with the Toledo Blade, as a republican newspaper, and then a contract entered into in regular form with the Toledo World, as being a paper of opposite politics.

The relief prayed for in the petition was denied in the court of common pleas and the case is here on appeal with quite a volume of evidence for the examination of the court.

The only real question presented seriously in this court is the question whether the Toledo World is shown by the evidence to have been a newspaper of general circulation in the municipality. There seems to have been little question but that it was a newspaper, and practically no question made but what it was of opposite politics. Nobody has seriously claimed that it has traveled along the lines of the Blade; but the question is very seriously made here as to whether it is a newspaper of general circulation as contemplated by the statute, and the evidence is very largely addressed to that question.

It is said by counsel for the city that under the statute, the only subscription that can be recognized in determining valid subscriptions to a newspaper, is a subscription that is paid in advance; it must be a paid subscription, and "paid" means paid in advance, it is said. Our attention is called to

Toledo v. Babcock.

the fact that a provision of the statute (Gen. Code 4228) relating to publications in German papers speaks of their having at least one thousand paid circulation, and it is said that the language of the statute in this regard determines the construction that should be applied to English newspapers, and that the only subscriptions that can be counted are paid subscriptions, and "paid subscriptions" means subscriptions paid in advance.

We think this is too strict a construction of the statute. In our judgment the statute does not mean paid subscriptions in this sense, i. e., paid in advance. It has reference to *bona fide* subscriptions, whether paid in advance or not, we think.

But it is said, in addition to this, that the evidence shows that it is not a paper of general circulation within the municipality anyhow, and that, of course, necessitates an examination of the evidence as to what is shown in this record.

We think, taking the evidence in full, that it clearly shows that this is a newspaper of opposite politics from the Blade and that it is a newspaper of general circulation in the community.

Our attention is called to the fact that the court below held that the relief must be denied because the council had passed on the question, and that that was conclusive unless bad faith was shown; that if council were to pass on the question whether a newspaper was one of general circulation or not, that that would be conclusive, and could only be avoided in case bad faith had been shown. We are not prepared to admit this construction of the statute, but are inclined to approve of the position taken by the counsel for the city, that this subject is open to inquiry and that the council have not the discretion to determine, beyond investigation, whether a newspaper is, or is not, a paper of general circulation. It is a matter of fact and it is as much open to inquiry as is the determination of the council that a given piece of property is already provided, or is not already provided, with sufficient local drainage in the matter of assessments. It has been repeatedly held that that subject may be inquired into. It may raise the presumption that the property has not local drainage, if additional

Lucas County.

local drainage is provided and an assessment made for it, but it is only a presumption. It may raise the presumption that a newspaper is of general circulation, but it is only a presumption and it may be met by evidence overthrowing the presumption, if the evidence exists.

The statute requires that it shall be a newspaper of general circulation. Of course it would not do to say that council might dispense with that provision, and find that something was a newspaper of general circulation which the facts showed was not a newspaper of general circulation and thereby dispense with the requirement.

We think the contention of the counsel of the city is correct in that regard, but upon a full investigation of the case we are thoroughly satisfied that this paper in question, the Toledo World, meets the requirements of the statute, in that it is shown by the evidence to be a newspaper of general circulation in the municipality; and this necessitates the dismissing of the petition at the plaintiff's costs.

This action was brought here by the city solicitor at the request of a taxpayer.

Judgment reversed.

**Wildman** and **Richards, JJ.,** concur.